KANSAS CITY HAY-PRESS CO. v. DEVOL et al.

(Circuit Court of Appeals, Eighth Circuit. September 6, 1897.)

No. 808.

PATENTS—VALIDITY AND CONSTRUCTION—HAY-BALING PRESSES.
    Patent No. 495,944, to Knight, Kelly, and Alderson, as assignees of Livengood et al., for improvements in hay-baling presses, if valid at all as to its fifth claim, must, in view of the prior state of the art, as shown especially in the Whitman patent, No. 446,311, be narrowly construed. 81 Fed. 726, reversed.

Appeal from the Circuit Court of the United States for the Western District of Missouri.

This was a suit in equity by the Kansas City Hay-Press Company against H. F. Devol, George Devol, and W. S. Livengood, for alleged infringement of certain patents relating to hay-bailing presses. In the circuit court the bill was dismissed after a hearing on the merits (72 Fed. 717), and the complainant appealed. This court heretofore, on May 10, 1897, reversed that decree, and directed the court below to enter a decree dismissing the bill as to certain of the patents sued on, but sustaining others, and directing an injunction and accounting

for infringement thereof. 81 Fed. 726. The case is now heard upon a petition for rehearing.

James Scammon (Offield, Towle & Linthicum, of counsel), for appellant.

Geo. A. Neal and T. S. Brown (Bond, Adams, Pickard & Jackson, of counsel), for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

PER CURIAM. When the opinion in this case was prepared, the chief point of controversy with respect to patent No. 495,944, issued on April 18, 1893, to James E. Knight, Edward Kelly, and William A. Alderson, as assignees of Winfield S. Livengood et al., seemed to be whether the title to that patent was duly vested in the complainant, the Kansas City Hay-Press Company. To this question our attention was chiefly directed on the argument, and for that reason full consideration was not given to the further questions whether claim 5 of said patent was valid and had been infringed. We find no occasion to modify our views with respect to the title to the patent, and what was said on that subject will be adhered to. In a petition for a rehearing recently filed by the appellees, the question whether claim 5 of patent No. 495,944 is valid, or was shown to have been infringed by the appellees, is more elaborately discussed, and our attention has been more particularly directed to the state of the art to which claim 5 of patent No. 495,944 relates. We have become satisfied, after considering this claim in relation to the state of the art as disclosed by several prior patents,—to wit, patent No. 446,311, issued to H. L. Whitman on February 10, 1891; patent No. 375,078, issued to Winfield S. Livengood on December 20, 1887; and patent No. 459,-630, issued to John H. Hampton on September 15, 1891,—all of which patents relate to improvements in baling presses, that the claim is not valid, or, if valid, that it must be construed with such limitations as to exempt the appellees from the charge of infringement. We do not deem it necessary to go into this question in detail, and therefore content ourselves with the statement that the Whitman patent, No. 446,311, to which reference has been made, discloses a combination substantially the same as that covered by claim 5 of patent No. 495,944. As this question has received full consideration in connection with the petition for a rehearing, we do not deem it necessary to set the case down for reargument on this point. We have accordingly concluded to modify our former decree by directing that the bill of complaint be dismissed as to patent No. 495,944, at the cost of the complainant company, and that so much of our former judgment as upheld the validity of claim 5 of said patent, and directed an accounting as to the profits realized and damages sustained by the infringement thereof, be expunged. In all other respects the decree as formerly entered will be sustained and remain undisturbed, and the petition for a rehearing will be denied.